**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Charles Odom, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | Case No.  1:10-cv-00085 |
| | ) | |
| Kenan Kaizer, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Charles Odom initiated the above-captioned action on December 2, 2010, by filing a Prisoner Litigation Packet, including a complaint and motion to proceed *in forma pauperis*. (Docket Nos. 3-4).  What follows is a report and recommendation with respect to an initial screening of Odom's complaint pursuant to 28 U.S.C. § 1915A.

## I.    BACKGROUND

### A.    State Criminal Charges

On January 20, 2004, Bismarck city police responded to a 911 call from the Select Inn.  They proceeded to a room registered to Galen Smith where they found Smith, Odom, and a third individual, Riddle Johnson.  Johnson advised officers that he had made the 911 call because Odom had threatened him with assault for not paying a drug debt.  Upon entering the room, police officers found drug paraphernalia in plain view.  Further investigation led to the discovery of a small amount of marijuana in a pickup in the parking lot that did not belong to Odom.  Odom v. State, 2010 ND 65, ¶ 2, 780 N.W.2d 666.

Odom was not then arrested.  However, in December 2004, almost a year later, the Burleigh County State's Attorney's office prepared a draft of a complaint charging Odom with felony

1

possession of drug paraphernalia and misdemeanor possession of marijuana.  For some reason, the complaint was not presented to a state judge for approval and the issuance of an arrest warrant until April 2005, at which time a Bismarck police officer gave testimony in support of the determination of probable cause that was partially inaccurate.  The officer, Kenan Kaizer, testified that marijuana was found in the motel room at the Select Inn and that the room was registered to Odom.  In fact, the room was registered to Smith and the marijuana was found in a vehicle that did not belong to Odom.  Kaizer did, however, accurately testify (at least according to the state courts' determination) that Johnson had told officers that Odom had threatened to assault him if he did not fully pay his drug debt and that drug paraphernalia was found in the room coated with a residue of what was initially thought to be  methamphetamine, but which later tested positive for cocaine.  Based on the officer's testimony, the state district court approved the complaint and issued a warrant for Odom's arrest.  Odom v. State, 2010 ND 65, ¶ 3.

On December 4, 2005, approximately seven months after the arrest warrant had been issued and almost two years after the events at the Select Inn in January 2004,  Bismarck police were called to another motel, this time the Days Inn, by the manager.  It was there that the police arrested Odom on the outstanding warrant.  During a search of Odom's room, police found  a digital scale covered with cocaine residue, a bundle of cash, and crack cocaine in the room's safe.  This resulted in a second set of charges being brought against Odom for possession of cocaine with the intent to deliver and possession of drug paraphernalia.  State v. Odom, 2006 ND 209, ¶¶ 2-6, 722 N.W.2d 370.

In January 2006, a preliminary hearing was held on both the original charges and the second set of charges and Odom was bound over for trial.  Initially, the district court suppressed the

evidence from the search of the safe in Odom's room at the Days Inn.  However, the North Dakota Supreme Court reversed the trial court's decision in State v Odom, supra.  See also  Odom v. State, 2010 ND 65, ¶ 5.

On September 6, 2006, Odom changed his plea to guilty on the first set of charges arising out of the activities in January 2004 at the Select Inn.  He was sentenced to time served and a small fine.  Odom v. State, 2010 ND 65, ¶ 5.  However, after learning that he would not be released from custody because of the charges pending in the second case, he immediately moved to withdraw his plea of guilty.  A judgment of conviction was entered on September 13, 2006, which was followed by another motion to withdraw the plea.   On April 11, 2007, the state district court denied the motions to withdraw the plea of guilty.  Thereafter, no appeal was taken from either the judgment of conviction or the order denying the motions to withdraw the plea of guilty.  Odom v. Kaizer, No. 1:07-cv-019, 2009 WL 2709395, *3 (D.N.D. Aug 24, 2009).

In June 2007, Odom entered a conditional plea of guilty to the second set of charges after the district court denied his motion to suppress the evidence. He was sentenced to twenty years' incarceration.  On January 17, 2008, the North Dakota Supreme Court summarily affirmed the criminal judgment in State v. Odom, 2008 ND 2, 747 N.W.2d 136.  See also Odom v. State, 2010 ND 65, ¶ 5.

Odom next filed a petition for post-conviction collateral relief in March 2008, arguing that he had been denied effective assistance of counsel.  Odom contended that his attorney should have requested a transcript of the testimony given in April 2005 in support of the  warrant for his arrest and uncovered the inaccurate testimony that Odom contended made his arrest unlawful.  Odom v. State, 2010 ND 65, ¶ 6.  The district court denied the petition.  The court concluded that Odom's

claim of ineffective assistance failed because he had not proved either that his counsel's performance was unreasonable when measured by an objective standard or that he had suffered prejudice as a result of the alleged ineffective assistance. With respect to the latter, the court concluded that, notwithstanding the inaccurate testimony that had been presented in support of the complaint and the warrant for Odom's arrest, there was sufficient other accurate testimony to establish probable cause. Id.

On April 6, 2010, the North Dakota Supreme Court affirmed the district court's order denying Odom's petition for post-conviction relief, but on more limited grounds. The court agreed that Odom had failed to prove that his counsel's representation was ineffective. And, because of that conclusion, the court stated it was unnecessary to consider whether Odom had suffered prejudice. Id. at ¶ 13.

### B.    Prior Filings

#### 1. Civil Rights Filings

Odom has filed numerous complaints and petitions seeking relief with respect to the matters alleged in the complaint. In May 2006, Odom initiated a civil rights action charging several defendants with having engaged in racial profiling in connection with his December 2005 arrest at the Days Inn. This action was dismissed with prejudice. Odom appealed and the Eighth Circuit affirmed the dismissal. Odom v. Brutger Equities, Inc., No. 1:06-cv-00038, 2007 WL 1611923 (D.N.D. June 1, 2007) aff'd 302 Fed.Appx. 505 (8th Cir. 2008).

In March 2007, and while his first action was still pending, Odom filed another complaint seeking relief under § 1983. The complaint alleged that Detective Kenan Kaizer fabricated his testimony against Odom and alleged "official oppression" motivated by racial animus. When Odom

4

filed his 2007 complaint, the court stayed its pre-service screening under 28 U.S.C. § 1915A because of the pending state criminal prosecutions. Later, after Odom was adjudged convicted on both sets of criminal charges, the court dismissed the complaint without prejudice for failing to state a cognizable federal claim, concluding, among other things, that Odom's claims were subject to the bar imposed by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), given the lack of a favorable termination with respect to either of his state-court convictions. <u>E.g.</u>, <u>Odom v. Kaizer</u>, No. 1:07-CV-00019, 2009 WL 2709395 (D.N.D. Aug. 24, 2009). The court's dismissal was summarily affirmed on appeal. <u>Odom v. Burleigh County Detention Center</u>, 369 Fed.Appx. 767, 2010 WL 1223163, *1 (8th Cir. 2010).

Odom filed another action on June 24, 2010, under 28 U.S.C. §§ 1961-1968 (the provisions of federal RICO statutes providing for a civil action), 42 U.S.C. §§ 1983 and 1985, and 28 U.S.C. § 455. (<u>See </u>Docket No. 3, Case No. 1:10-cv-00049 (D.N.D. June 29, 2010)). The 2010 action, for the most part, is the same as Odom's 2007 complaint. The factual allegations are virtually identical, and the 2007 complaint named most of the same defendants as the 2010 action.[1] In fact, before filing the action, Odom sought leave to reopen his 2007 action, which was denied. (<u>See </u>Docket Nos. 51 & 52, Case No. 1:07-cv-00019). The court dismissed the 2010 complaint without prejudice for failure to state a cognizable claim, again finding that Odom's claims were <u>Heck</u> barred, and further finding that the <u>Heck</u> bar could not be overcome by pleading a civil RICO claim. (<u>See </u>Docket Nos. 6 & 7, Case No. 1:10-cv-00049).

---

[1] Also, many of the exhibits proffered by Odom in the 2007 action are the same as the ones proffered in the 2010 action, including: the police report of the January 20, 2004, incident at the Select Inn; the registration receipt from the motel; and excerpts of transcripts, motions and opinions from the state-court proceedings. (<u>Compare </u>Docket No. 3-2 in Case No. 1:10-cv-00049 with Docket No. 34-2 in Case No. 1:07-cv-00019).

### 2.    Habeas Petitions

On June 30, 2008, Odom filed a petition seeking federal habeas relief pursuant to 28 U.S.C. § 2254. Judge Ralph Erickson dismissed this petition because Odom had not yet exhausted his state-court remedies. Notably, at the time of the dismissal, Odom's state petition for post-conviction relief was still pending. Odom v. North Dakota, No. 3:08-cv-57, 2008 WL 5396283 (D.N.D. Dec. 22, 2008). Odom filed a request in the docket of his dismissed habeas petition asking that it be re-opened given that his state post-conviction relief proceedings have not been completed. However, he was advised by the Clerk that he would need to file a new petition. (See Docket Nos. 12-14, Case No. 3:08-cv-00057).

Odom filed an additional habeas petition in October of 2010. Odom v. Redmann, No. 3:10-cv-97 (D.N.D. October 21, 2010). A report and recommendation was issued recommending that the petition be dismissed. (See Docket No. 4, Case No. 3:10-cv-00097 (D.N.D. November 4, 2010). On November 10, 2010, Odom filed a motion withdrawing his habeas petition. The court granted the motion to withdraw the document and found Odom's petition and the report and recommendation moot. (See Docket Nos. 5 & 6, Case No. 3:10-cv-00097).

### C.    Present Action

In the action presently before the court, Odom names Kenan Kaizer[2] as the sole defendant. Odom specifies that this action "exclusively pertain[s]" to the April 25, 2005 probable cause hearing before North Dakota District Judge Burt Riskedahl aforementioned in the summary of Odom's previous complaints. (See Docket No. 4, pp. 5). Odom again alleges that Kaizer knowingly fabricated his testimony at the probable cause hearing, which resulted in Odom's incarceration and

---

[2] Kaizer is named in his individual capacity.

6

violated his First and Fourteenth Amendment rights.  Odom cites case law in his complaint which indicates he is alleging that Kaizer fabricated his testimony based upon a racial animus.  The complaint is essentially a pared down version of the same allegations in Odom's three previous § 1983 actions.

## II.   DISCUSSION

Odom's complaint fails to state a cognizable claim for relief pursuant to § 1983. The complaint seeks damages for his alleged wrongful incarceration, including the time spent in custody as a result of the second set of charges, for which he was eventually convicted and for which he remains in custody today.[3]  Essentially, this was the construction that the court placed on the virtually identical claims which Odom asserted in his  2007 and 2010 complaints when the court concluded that his claims were subject to the Heck bar and should be dismissed without prejudice for that reason, among others.

As was pointed out in the court's report and recommendation in Case No. 1:10-cv-00049, and as continues to be true, nothing has materially changed since the dismissal of Odom's past complaints. The court's dismissal of the 2007 complaint was affirmed by the Eighth Circuit, and the reasons for dismissing the 2010 complaint closely mirror the court's considerations in the 2007 complaint.  Odom's attempt to obtain state post-conviction relief failed, and he has yet to obtain a favorable termination with respect to either his first or second conviction.  Consequently, his § 1983 claim is still subject to the Heck bar and fails to state a cognizable claim for that reason.  See, e.g.,

---

[3]  As noted earlier, Odom was arrested on or about December 4, 2005, pursuant to an arrest warrant issued in connection with a complaint setting forth  the first set of charges.  It is not clear when Odom was first charged with the second set of charges that were brought for the drugs found  when he was arrested on the first set of charges.  However, he was bound over for trial on both the original and second set of charges following a preliminary hearing in January 2006.  Odom v. State, 2010 ND 65, ¶ 5. Consequently, virtually all of his incarceration has been, at least in part, the direct or indirect result of the charges that gave rise to his second conviction.

Heck v. Humphery, supra;  Abdullah v. Minnesota, 261 Fed.Appx. 926, 927 (8th Cir. 2008) (unpublished per curiam); Entzi v. Redmann,485 F.3d 998, 1003 (8th Cir. 2007).

Furthermore, as in prior complaints, the allegations of Odom's complaint most closely resemble a claim for selective enforcement and/or malicious prosecution, given that his arrest was pursuant to a warrant and complaint.  See, e.g.,Wallace v. Kato, 549 U.S. 384, 388-390 (2007) (citing other authority).  Even if a claim for malicious prosecution is cognizable under § 1983,[4] Odom has failed to state a claim as a matter of law.  Both theories of recovery imply the unlawfulness of his conviction, and  favorable termination is therefore an essential element of the substantive claim.  Odom has failed to obtain a favorable termination with respect to either his first or second conviction.  See, e.g., Heck v. Humphrey, 512 U.S. at 484; Kummer v. City of Fargo, 516 N.W.2d 294, 298 (N.D. 1994).

## III.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is recommended that Odom's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to the authority granted by 28 U.S.C. § 1915A(b)(1) and that his application to proceed *in forma pauperis* (Docket No. 3) be **DENIED** as moot.

---

[4] Kurtz v. City of Schrewsberry, 245 F.3d 753, 758 (8th Cir. 2001) (stating that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury); Sander v. Sears, Roebuck, and Co., 984 F.2d 972, 977 (8th Cir. 1993) ("[M]alicious prosecution can form the basis of a § 1983 suit only if defendant's conduct also infringes some provision of the Constitution or federal law."); but see Pitt v. Dist. of Columbia, 491 F.3d 494, 510-511 (D.C. Cir. 2007) (noting contrary authority).  The Supreme Court has yet to rule on the issue.  See, e.g., Wallace v. Kato, 549 U.S. at 390 n.2.

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 9th day of December, 2010.

/s/  *Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge