**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Charles Odom, )<br>)<br>         Plaintiff, )<br>)<br>vs. )<br>)<br>Kenan Kaizer, )<br>)<br>         Defendant. ) | **ORDER ADOPTING REPORT<br>AND RECOMMENDATION**<br><br>Case No. 1:10-cv-085 |

___

On December 2, 2010, the plaintiff, Charles Odom, filed an application to proceed in forma pauperis and a pro se complaint. See Docket Nos. 3 and 4. On December 9, 2010, Magistrate Judge Charles S. Miller, Jr. issued a Report and Recommendation wherein he recommended that the Court dismiss Odom's complaint without prejudice and deny his application to proceed in forma pauperis as moot. See Docket No. 6. The parties were given fourteen (14) days to file objections to the Report and Recommendation. On December 22, 2010, Odom filed an objection. See Docket No. 7.

In his objection, Odom states, in part:

#4 The magistrate has made mistakes in its Report and Recommendation. (a) Plantiff has stated a claim for relief under Rule 8(a). (B) Plantiff does not seek damages for wrongful incarceration, nor for time spent in custody. (C) This case is not Heck barred.

The North Dakota Supreme Court held that even without the false statements, probable cause existed. The Plantiff is not suing due to statements ("they say established probable cause") He is charging the defendant for his false statements as established by the Supreme Court of North Dakota that are not used for the establishing of probable cause and therefore Heck has nothing to do with statements outside the Plantiffs charges. The Supreme Court has already held there is probable cause without the False statements.

#5 There has been materially sufficient change in the case. The Supreme Court of North Dakota held that Kaizer lied in court about plantiff. Those lies have nothing to do with probable cause in Plantiffs criminal case. This case is for those lies only.

#6 The Plantiff objects to unpublished opinions cited by the magistrate

>   #7 This is not a claim for selective enforcement and/or malicious prosecution:
>
>   #8 Plantiff <u>does</u> <u>not</u> challenge the unlawfulness of his conviction
>
>   #9 Plantiff <u>does</u> <u>not</u> challenge a warrant or a complaint of the state in this case
>
>   #10 The Plantiff's claim is for lies told by the defendant according to the State Supreme Court by an Officer of the State.

<u>See</u> Docket No. 7 (errors and emphasis in original).

Odom's complaint and objection fail to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983.  Odom contends he has a right to relief under 42 U.S.C. § 1983 because the Defendant lied in court, even though probable cause existed without the false statements.  It is well-established that "[w]itnesses are absolutely immune from section 1983 remedy actions arising from their testimony in judicial proceedings." <u>Conley v. Office of the Pub. Defender, Sixth Judicial Dist. of Ark., Pulaski & Perry Counties</u>, 653 F.2d 1241, 1242 (8th Cir. 1981); <u>see</u> <u>Briscoe v. LaHue</u>, 460 U.S. 325, 329-46 (1983) (convicted state defendant may not assert 42 U.S.C. § 1983 claim for damages against police officer or other government official for giving perjured testimony at defendant's criminal trial).

The Court has carefully reviewed the Report and Recommendation, relevant case law, and the entire record, and finds the Report and Recommendation to be persuasive.  Accordingly, the Court **ADOPTS** the Report and Recommendation (Docket No. 6) in its entirety, **DISMISSES** Odom's complaint **WITHOUT PREJUDICE**, and **DENIES AS MOOT** Odom's application to proceed in forma pauperis (Docket No. 3).

**IT IS SO ORDERED.**

Dated this 5th day of January, 2011.

>                  */s/ Daniel L. Hovland*
>                  Daniel L. Hovland, District Judge
>                  United States District Court