**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Charles Odom, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER RE PENDING DISCOVERY** |
| | ) | **MOTIONS, APPOINTING** |
| | ) | **COUNSEL, AND FOR SETTING** |
| vs. | ) | **A NEW PRETRIAL SCHEDULE** |
| | ) | |
| Kenan Kaizer, | ) | Case No. 1:10-cv-00085 |
| | ) | |
| Defendant. | ) | |

## I. INTRODUCTION

As part of the pretrial management of this case, the court entered an order on November 21, 2011, that allowed for limited paper discovery, but prohibited the taking of any depositions until the court had the opportunity to consider defendant's threshold motion for dismissal. (Doc. No. 38). The order also indicated that the court might revisit the issue of what discovery would be permitted if circumstances warranted after consideration of defendant's threshold motion.

Since the entry of the court's initial order for limited discovery, plaintiff filed on December 28, 2011, what the court characterizes as a motion for discovery relating to the format in which certain discovery material was being provided to him and the difficulty he was having utilizing the material because of the limitations imposed by his incarceration. (Doc. No. 42). In addition, plaintiff filed on June 19, 2012, a motion seeking permission for a deposition of the defendant along with a request that the court appoint counsel. (Doc. No. 57). The court held these matters in abeyance pending consideration of defendant's threshold motion for judgment on the pleadings. However, now that the court has denied defendant's motion, the court will take up the issues

1

presented by the foregoing motions and will also address the scope of the future proceedings.

## II. DISCUSSION

### A. Appointment of counsel

"There is no constitutional or statutory right to appointed counsel in civil cases." Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006). "Rather, when an indigent prisoner has pleaded a nonfrivolous cause of action, a court 'may' appoint counsel" pursuant to the authority granted by 28 U.S.C. § 1915(e)(1). Id. Although § 1915(e)(1) vests the court with substantial discretion in deciding whether to appoint counsel, the court's discretion is not unfettered. See id; Tabron v. Grace, 6 F.3d 147, 153-158 (3rd Cir. 1993). The Eighth Circuit has instructed that district courts must consider a number of factors in ruling upon a request for counsel and that the failure to properly consider the factors may be an abuse of discretion. E.g., Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996); Abdullah v. Gunter, 949 F.2d 1032, 1035-36 (8th Cir. 1991).

In this case, after balancing of a number of factors, including the Eighth Circuit's determination that plaintiff has stated a nonfrivolous claim and that this claim has now survived a motion for judgment on the pleadings, the potential for the case not being resolved on summary judgment, the novelty and difficulty of the legal issues, and facilitation of further discovery that may be required, the court will appoint counsel for plaintiff.

The court does have some concerns, however, as to whether plaintiff will permit his counsel to exercise the necessary professional judgment. In making the appointment, plaintiff must understand that the presentation of his case will now become the responsibility of his attorney, who is required to follow the applicable rules of procedure and evidence and exercise professional judgment in deciding which matters are relevant and which are not. In addition, not only is plaintiff

not entitled to an attorney as a matter of constitutional or statutory right, he also is not entitled to an attorney of his choice. Hahn v. McLey, 737 F.2d 771, 774 n.2 (8th Cir. 1984). By this order, the court will be appointing an attorney who is fully capable of representing plaintiff. However, if plaintiff disagrees, or if a situation later develops that makes it impossible for the attorney being appointed to exercise his professional judgment and there is a need for the attorney to withdraw, plaintiff is advised now that the court is unlikely to appoint replacement counsel, regardless of the consequences it may have for his case. Cf. Swope v. Cameron, 73 F.3d 850, 851 (8th Cir. 1996).

Finally, the appointment of counsel for plaintiff is limited to the above-captioned civil case, which is a suit for damages against defendant in his personal capacity under § 1983 and is not a proceeding whereby plaintiff can obtain relief from his prior criminal convictions or release from prison. Counsel is not required to represent plaintiff with respect to any matter relating to his prior criminal convictions. The court wishes to make these matter clear since plaintiff's most recent request for a pretrial deposition and appointment of counsel suggests he may be under the misapprehension that this court would somehow in this proceeding be able to reverse the decisions made in his state criminal proceedings and grant his freedom if he prevails.

**B.  Motions for discovery and establishment of a new scheduling order**

The court will schedule a telephonic hearing to address the issues of pretrial discovery and to reset other pretrial deadlines, such as deadlines for amending pleadings, filing dispositive motions etc. During that hearing, the court will address specifically the necessity for depositions of both plaintiff and defendant, as well as other witnesses. The court understands that defendant no longer resides in the area, but it seems that a telephone deposition would likely suffice to the extent that plaintiff's counsel believes a deposition is required. Since the discovery issues will be revisited and

counsel appointed, plaintiff's present motions for discovery will denied without prejudice.

**III.     ORDER**

Based on the foregoing, it is hereby **ORDERED** as follows:

1. The court grants plaintiff's most recent request for counsel (Doc. No. 57) and appoints attorney Jeffrey Weikum to represent plaintiff in the above captioned case.
2. The court will contact the parties to set a date for a hearing to address the issues of pretrial discovery and pretrial deadlines and to set a new trial date.
3. The court denies the remainder of plaintiff's motion at Doc. No. 57 and his request for relief at Doc No. 42 without prejudice. Plaintiff is free to renew these requests through court-appointed counsel if necessary.

Dated this 30th day of August, 2012.

>                  */s/ Charles S. Miller, Jr.*
>                  Charles S. Miller, Jr., Magistrate Judge
>                  United States District Court