**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Charles Odom, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER RE ADDITIONAL BRIEFING** |
| | ) | |
| vs. | ) | Case No. 1:10-cv-085 |
| | ) | |
| Kenan Kaizer, | ) | |
| | ) | |
| Defendant. | ) | |

_____

This case has had somewhat of tortured history given: (1) this court's preservice dismissal pursuant to 28 U.S.C. § 1915A(b)(1) of an earlier action filed by Odom and that dismissal being upheld by the Eighth Circuit; (2) this court's preservice dismissal of what the court understood to be essentially the same claim by Odom in this case; and (3) the Eighth Circuit's reversal and remand for consideration of Odom's "judicial deception" claim. The court is concerned that its prior discussion of this history in its last order may have caused some confusion regarding what issues have or have not been decided, including specifically the question of whether Odom's § 1983 claim is foreclosed by what appears to have been his plea of guilty to the charges that are the subject of his judicial deception claim. E.g., Odom v. State, 2010 ND 65, ¶ 5 780 N.W.2d 666 ("In September 2006, Odom pled guilty to the original charges and was sentenced to time served."). This issue has not been decided by this court. Further, the only thing concretely decided by the Eighth Circuit so far is that this court's dismissal of Odom's claim preservice was premature.

Kaiser's present motion for summary judgment is limited to the claim of qualified immunity and more specifically to whether the errors and omissions in his testimony in support of the warrant

1

for Odom's arrest were deliberate or reckless. The court believes that the question of whether Odom has a viable "judicial deception" claim given his apparent guilty plea is an issue that should be resolved now for two reasons. First, it does appear that this point may be dispositive of the claim. Even assuming Odom's "judicial deception" claim is not a § 1983 claim for malicious prosecution, it would still most likely be considered a variant of a § 1983 claim for false arrest. See Odom v. Kaizer, 884 F. Supp. 2d 923, 930 n.1 (D.N.D. 2012). And, if so, then, arguably, it is foreclosed by the Eighth Circuit case law holding that a § 1983 claimant does not have claim for false arrest (premature or otherwise) if the claimant has pled guilty to the charges for which the allegedly false arrest was made. Id. (citing cases); Malady v. Crunk, 902 F.2d 10, 11 (1990) ("Malady") (relying upon Cameron v. Fogarty, 806 F.2d 380 (2d Cir. 1986)); cf. Southerland v. City of New York, 681 F.3d 122, 130-31 (2d Cir. 2012) (Raggi, Carbranes, Wesley, Livingston, JJ., and Jacobs, C.J., dissenting from the denial of rehearing *en banc*) (citing cases adopting or indicating approval of Cameron v. Fogarty, including the Eighth Circuit's decision in Malady). Second, for obvious reasons, it makes no sense to defer the resolution of this issue until later given the likelihood that there will be an immediate appeal no matter how the court rules on the pending arguments for qualified immunity.

Consequently, the court will direct the parties to address the issue of whether Odom has viable § 1983 claim under the undisputed circumstances of this case given his plea of guilty in light of the case law identified in the court's prior order. See Mayer v. Countrywide Home Loans, 647 F.3d 789, 793-94 (8th Cir. 2011) (district court is required to give notice of any issues upon which summary judgment may be granted that have not been raised by the moving party so the opposing

party has an opportunity to respond).[1] Further, if the court is wrong in assuming that the plea of guilty was to the charges for which the alleged false arrest was made, then the court should be advised of that fact along with what the facts are claimed to be.

Also, if the parties have alternative arguments to make as to why Odom's plea of guilty forecloses any § 1983 claim by Odom, they should be made at this point as well. More particularly, it does not appear that the Eighth Circuit has finally resolved whether a claim can be brought pursuant to § 1983 for malicious prosecution, and, if so, under what circumstances. And, as noted in the court's earlier order, there is substantial authority supporting an argument that Odom's claim should be classified as one for malicious prosecution since his arrest was pursuant to a complaint (*i.e.*, process) and, if the common law elements of malicious prosecution are applied, termination of the criminal proceeding in the plaintiff's favor is an essential element of the claim. E.g., Hernandez–Cuevas v. Taylor, 723 F.3d 91 (1st Cir. 2013) (concluding that § 1983 claim for an arrest pursuant to a complaint and warrant obtained by judicial deception stated a claim for malicious prosecution because the arrest was pursuant to process and that plaintiff's success in the criminal action was an element of the claim); see Odom v. Kaizer, 884 F. Supp. 2d at 930 n.1 (discussing other cases); but see Harrington v. City of Council Bluffs, Iowa, 678 F.3d 676, 679 (8th Cir. 2012) (stating in *dicta* that the Fourth Amendment claims involving plaintiffs' arrests pursuant to a warrant were claims for "false arrest.") (Colloton, J., dissenting, however, stated that the majority had "mistakenly characterized" plaintiffs' claims and that, because the arrests were pursuant to a

---

[1] Defendant in his answer specifically asserts that Odom does not have a § 1983 claim a matter of law as well as the defenses of estoppel and immunity. Collectively, these allegations would appear to encompass an argument that Odom does not have viable claim because of his plea of guilty.

3

warrant, "their Fourth Amendment claims are analogous to claims of malicious prosecution and not false arrest").

Based on the foregoing, it is hereby **ORDERED** as follows:

1. The parties shall file simultaneous briefs on the issue of whether Odom's guilty plea and/or lack of success in the underlying criminal action bar his present § 1983 claim on or before January 17, 2014, with reply briefs to be filed on or before January 24, 2014.

2. The parties shall advise the court if it will be contended that Odom's plea of guilty in the underlying action was to charges other than those set forth in the complaint that he claims was obtained by "judicial deception."

Dated this 6th day of December, 2013.

>  */s/ Charles S. Miller, Jr.*
>  Charles S. Miller, Jr.
>  United States Magistrate Judge